IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORFILIA SANCHEZ BENITEZ, | § | |
| #58917-177, | § | |
| MOVANT, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:21-CV-2049-B-BK |
| | § | (CRIMINAL CASE NO. 3:19-CR-331-B-1) |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the motion should be **DENIED**.

**I.   BACKGROUND**

Movant Orfilia Sanchez Benitez ("Benitez") pled guilty to possession with intent to distribute a controlled substance and was sentenced to a below-guidelines sentence of 120 months' imprisonment and a five-year term of supervised release. Crim. Doc. 74 at 1-3.[1] Benitez did not file a direct appeal, but timely filed this § 2255 motion. Doc. 2. In her amended § 2255 motion, she claims ineffective assistance of counsel during the guilty plea proceedings.

---

[1] All "Crim. Doc." citations refer to the related criminal case: *United States v. Sanchez Benitez*, No. 3:19-CR-331-B-1 (N.D. Tex. Oct. 29, 2020).

Doc. 8 at 6-7. The Government opposes § 2255 relief, Doc. 12, and Benitez has filed a reply, Doc. 18.[2]

Upon review, the Court concludes that Benitez cannot establish ineffective assistance of counsel. Thus, her § 2255 motion should be denied.

## II. ANALYSIS

### A. Applicable Law

To succeed on an ineffective-assistance-of-counsel claim, the movant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id.* at 697.

To prove the deficient-performance prong of the *Strickland* test, the movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688. That said, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

Moreover, to demonstrate prejudice in the context of a guilty plea, the movant must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The movant bears the burden of proving that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

---

[2] On January 26, 2023, Benitez filed correspondence in Spanish, which the Clerk of the Court returned to her to translate into English. Doc. 20.

and would have insisted on going to trial." *Id.*

In addition, to be constitutionally valid, a guilty plea must be knowingly, voluntarily, and intelligently made. *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000). In determining the voluntariness of a plea, the court considers all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *United States v. Shepherd*, 880 F.3d 734, 740-41 (5th Cir. 2018); *see also Boykin v. Alabama,* 395 U.S. 238, 244 (1969) (to be knowing and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence").

When challenging the validity of his guilty plea, a defendant ordinarily may not refute his sworn testimony given at the plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998). A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

**B.  Guilty plea was voluntary and ineffective assistance claims fail**

Benitez, apparently dissatisfied with her guilty plea and sentence, argues that defense counsel, Camille Knight, rendered ineffective assistance when she (1) failed to explain unspecified papers, (2) neglected to investigate Benitez's family and case, and (3) forced Benitez to sign the plea agreement and factual resume and plead guilty. Doc. 8 at 6-7. Benitez asserts that she and Ms. Knight could not communicate because of a language barrier — she spoke only Spanish and Knight spoke only English. Doc. 8 at 6. As a result, Benitez alleges that she "could not understand any of the papers" or "numbers." Doc. 8 at 6. She states that Ms. Knight did not

investigate anything about her—including her history or family—or the fact that the drugs were neither in Benitez's possession nor belonged to her. Doc. 8 at 6. Benitez also maintains that Ms. Knight did "not explain the amount of drugs" and told her to just sign the documents and say "yes," in response to the Judge's questions, or "the Government would get mad and 'she would get [a] very long time." Doc. 8 at 6. Lastly Benitez complains of an alleged "conflict of interest" because Ms. Knight forced her to lie and sign the plea agreement and factual resume so that the Court would not be upset with her. Doc. 8 at 7 ("[Counsel] had me sign that I agreed to the governments [sic] fact not mine and [she] made me lie so Court not mad.")

In the reply, however, Benitez states the Government took the coercion claim "out of context." Doc. 18 at 3. She alleges that she "is simply claiming false accuracys" [sic] and "doesn't claim threats or bribes" and admits "it [her plea] was voluntary." Doc. 18 at 3 (errors in original). Even so, Benitez adds that "[i]f a language barrier was not an issue [she] would not have agreed to a plea without a guarantee of sentencing range of 5 yrs being recommended." Doc. 18 at 1. Lastly, she contends that counsel "failed to make sure [she] understood fully that she was agreeing to said charges [and] said time sentence." Doc. 18 at 2.

Benitez's sworn statements at rearraignment, however, contradict her current assertions that her plea was induced by misinformation about her charge or sentencing exposure. At rearraignment, Benitez stated that she understood the charge and the essential elements. Crim. Doc. 78 at 11-12. She also admitted that the facts set out in the factual resume were true and correct. Crim. Doc. 78 at 20. In addition, the Court thoroughly cautioned Benitez that she could not rely on counsel's opinion about the advisory guideline range and that only the Court could determine the guideline range after considering the Presentence Report ("PSR") and any

objections. Crim. Doc. 77 at 8-10. And Benitez confirmed under oath her understanding that by pleading guilty she would be subject to a maximum period of imprisonment of 40 years. Crim. Doc. 77 at 17-19.

By her Plea Agreement — which she likewise confirmed under oath that she signed only after reading it carefully and discussing it with Ms. Knight — Benitez confirmed her understanding that (1) the Court would determine the sentence after considering the advisory Sentencing Guidelines, (2) no one, including Ms. Knight, "can predict with certainty the outcome of the Court's consideration of the guidelines in this case," and (3) the Court, in its discretion, could sentence Benitez up to the statutory maximum penalty. Crim. Doc. 77 at 13; Crim. Doc. 26 at 3. Further, Benitez assured the Court that her plea was not induced by promises or assurances other than those contained in the Plea Agreement and Plea Agreement Supplement. Crim. Doc. 77 at 17. She also affirmed that she was satisfied with Ms. Knight's advice and representation. Crim. Doc. 77 at 11.

Additionally, Benitez had ample time—more than nine months between rearraignment and her sentencing hearing—to advise the Court that her guilty plea was involuntary or that she was dissatisfied with Ms. Knight's conduct and supposed misinformation about the charge and sentencing exposure. Shortly before sentencing, Benitez wrote District Judge Boyle a letter complaining about Ms. Knight's alleged ineffective assistance and Benitez's inability to communicate with her because of the language barrier. Crim. Doc. 78 at 3. Even so, at sentencing, Benitez assured the Court that everything was fine and that the person who wrote the letter for her "did not write [it] correctly." Crim. Doc. 78 at 4. Benitez explained that Ms. Knight speaks Spanish and that she wanted Ms. Knight to continue as her attorney. Crim. Doc.

78 at 4, 6-7.

Similarly, Benitez voiced no objection about the voluntariness of her guilty plea or Ms. Knight's advice and allegedly deficient performance. Indeed, when allowed to address the Court, Benitez asked for forgiveness, apologized for what she had done, and admitted her guilt. Crim. Doc. 78 at 22-24. These circumstances strongly suggest Benitez's claims are driven by "buyer's remorse" rather than any defect in the guilty plea procedure.

Based on this record, Benitez's unsupported assertions that Ms. Knight misadvised her about her plea and sentencing exposure are contradicted by her attestations in the plea agreement and under oath at rearraignment. Benitez has also failed to demonstrate prejudice — that but for Ms. Knight's allegedly erroneous advice, she would not have pleaded guilty and would have insisted on going to trial. *See Hill*, 474 U.S. at 59. She has not alleged that she would have proceeded to trial if Ms. Knight had advised her properly about the charge and possible sentencing exposure. Thus, Benitez's ineffective assistance claims fail.[3]

Turning to Benitez's failure-to-investigate claim, it is too conclusory to support relief. "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citations omitted). Benitez has pled none of that. Thus, her failure-to-investigate claim is also meritless.

---

[3] Even if Benitez had alleged prejudice, "[c]ourts should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, ___ U.S. ___, 137 S. Ct. 1958, 1967 (2017); *United States v. Crain*, 877 F.3d 637, 650 (5th Cir. 2017) (explaining that "self-serving post hoc assertions about how [the defendant] would have pled" do not negate the contemporaneous comments at the plea hearing).

### C. Ineffective Assistance of Counsel on Appeal Likewise Fails

When asked to specify in the amended § 2255 motion form whether she had appealed, Benitez simply checks the "no" box and explains: "Lawyer said I could not. I tried to say best as I could in English that I wanted appeal, [counsel] walk[ed] away." Doc. 8 at 5. The Government correctly notes that Benitez's amended § 2255 motion does not technically plead failure to file a notice of appeal as a claim of ineffective assistance but only notes it as a reason for not appealing. Doc. 12 at 5. However in her reply, Benitez raises a claim of ineffective assistance of counsel on that ground for the first time. Doc. 18 at 2. She avers, "Ms Benitez also argues that ineffective counsel assistance for failed attempt to advise attorney of wanted appeal" and "Ms Benitez's Attorney failed to advise her to appeal." Doc. 18 at 2.

Even if the reply could be interpreted as an attempt to raise a new ground in support of the § 2255 motion, the Court does not consider it. In its initial *Order and Instructions to Parties*, the Court cautioned Benitez that a reply "shall not include any new allegations of fact or new grounds for relief." Doc. 9 at 2. The Court does not abuse its discretion in refusing to consider new issues in a § 2255 reply brief after the government responded. Cf. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (finding district court was not required to consider affidavits submitted after the government responded). In any event, any new ground would be untimely and conclusory. The reply was signed in early July 2022, nearly eight months after the one-year period elapsed. Doc. 18 at 3. And Benitez does not identify any corroborating facts in out to support her belated claim. Nor does Benitez assert that she demonstrated to counsel that she was interested in appealing. See *Roe v. Flores-Ortega,* 528 U.S. 470, 477-80

(2000); Crim. Doc. 78 (advising Benitez at the sentencing hearing that she had 14 days to decide whether to appeal). Consequently, her belated allegations also lack factual support.

### III.   EVIDENTIARY HEARING

In her reply, Benitez requests an evidentiary hearing but offers no factual or legal basis for her request. Doc. 18 at 3. In any event, an evidentiary hearing is not required under the facts and circumstances presented here. "When the files and records of a case make manifest the lack of merit of a Section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Reed*, 719 F.3d 369, 373-74 (5th Cir. 2013) ("A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008))). Because, as previously noted, Benitez's claims lack merit for reasons supported by the record, no evidentiary hearing is required.

### IV.   CONCLUSION

For all these reasons, Benitez's § 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 14, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).